**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Rare Beauty, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No._22-cv-00533_____** |
| **v.** | ) | |
| | ) | |
| **RareBeauty Cosmetics LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Rare Beauty, LLC ("Rare Beauty") brings this complaint for declaratory relief against RareBeauty Cosmetics LLC ("Defendant"). For its complaint herein, Rare Beauty alleges as follows:

### NATURE OF THE ACTION

1.     Rare Beauty seeks a declaratory judgment that it is not infringing any rights that Defendant might have in the RARE BEAUTY mark. Such relief is necessary because Defendant has wrongfully and affirmatively accused Rare Beauty of trademark infringement and dilution, filed a petition to cancel Rare Beauty's U.S. trademark registration for the RARE BEAUTY mark, and threatened to sue Rare Beauty for alleged trademark infringement unless Rare Beauty pays Defendant $10,000,000.00.

### PARTIES

2.     Rare Beauty, LLC, is a Delaware limited liability company having a principal place of business at 222 N. Pacific Coast Highway, El Segundo, California 90245.

3.     On information and belief, Defendant is an Illinois limited liability company with a principal office at 750 S. Homan Ave., #3E, Chicago, Illinois 60624.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action because it arises under 28 U.S.C. § 2201 (the Declaratory Judgment Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (original jurisdiction over trademark claims).

5.      This Court has personal jurisdiction over Defendant because Defendant has established minimum contacts with this forum. Defendant has substantial, continuous, and systemic contact with the State of Illinois. Defendant was founded in Illinois, is incorporated in Illinois, lists an office and registered agent in Illinois, and has sold products in Illinois to Illinois consumers. By these actions, Defendant has purposefully availed itself of the privilege of conducting business in this State and this judicial District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Rare Beauty's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

7.      An actual case or controversy exists between the parties. Defendant has repeatedly threatened to take legal action against Rare Beauty, has accused Rare Beauty of trademark infringement and related tortious acts, has insisted that Rare Beauty immediately cease using the RARE BEAUTY trademark, and has demanded that Rare Beauty pay Defendant $10,000,000.00.

## BACKGROUND FACTS

**Rare Beauty and Its Business**

8.      Rare Beauty is a mission-driven beauty brand. Rare Beauty's vision is to create a safe, welcoming space in beauty—and beyond—that supports mental well-being across age, gender identity, sexual orientation, race, cultural background, physical or mental ability, and perspective.  Since at least as early as 2016, Rare Beauty and its predecessor-in-interest have

invested a substantial amount of time, money, and effort to develop, secure, promote, and advertise cosmetics, beauty tools, clothing, accessories, and related products and services (the "Rare Beauty Goods and Services") under the trademark RARE BEAUTY (the "RARE BEAUTY Mark").

9. Following years of development, Rare Beauty launched on February 4, 2020, with an Instagram post that reached 168 million followers. Between February 2020 and August 2020, Rare Beauty advertised and promoted its brand on social media and elsewhere.

10. On September 3, 2020, Rare Beauty began offering for sale its first line of beauty products in U.S., Canada, and Mexico. This product launch covered 14 categories and 150 SKUs, including lipsticks, liquid blush, eyeliner, brow pencils, a diverse range of foundation and concealer shades, and other related products.

11. Since then, Rare Beauty has enjoyed enormous success, generating millions in retail sales and attracting more than 2.9 million followers on Instagram.

**Rare Beauty's Trademark Rights**

12. In August 2016, Rare Beauty, through its predecessor-in-interest, first conceived and prepared to commence use of the mark RARE BEAUTY in connection with cosmetics and related products, including conceptualizing products, working with manufacturers and vendors, finalizing artwork, and, in March 2017, conducting a trademark clearance search for the mark RARE BEAUTY. That trademark clearance search disclosed no prior trademark registrations or uses of RARE BEAUTY in connection with cosmetics.

13. To secure its trademark rights, Rare Beauty, through its predecessor-in-interest, publicly applied to register the mark RARE BEAUTY with the U.S. Patent and Trademark Office ("USPTO") on November 20, 2017. The intent-to-use application was assigned U.S.

Application Serial No. 87/692,337.[1] The application was reviewed by the USPTO and ultimately published for third-party review and opposition in the *Official Gazette* on January 26, 2019. The application was not opposed. The application was subsequently registered on December 15, 2020. The registration details are as follows:

| Mark | U.S. Reg. No. | U.S. Reg. Date | Goods/Services |
|---|---|---|---|
| RARE BEAUTY | 6222233 | December 15, 2020 | Cl. 3: cosmetics, namely, color cosmetics; eyeshadow; blush; facial concealer; foundation; skin bronzer; face powder; eyebrow colors; eyeliner; mascara; lipstick; lip gloss; lip balm; makeup primers; cosmetic facial blotting papers |

("RARE BEAUTY Registration").

14.    Rare Beauty owns additional trademark registrations both in the U.S. and worldwide for the mark RARE BEAUTY. Rare Beauty's U.S. trademark registrations are summarized in the chart below:

| Mark | U.S. Reg. No. | U.S. Reg. Date | Goods/Services |
|---|---|---|---|
| RARE BEAUTY | 6373643 | June 1, 2021 | Cl. 35: retail store services featuring cosmetics, makeup, makeup applicators and tools, and skincare products; online retail store services featuring cosmetics, makeup, makeup applicators and tools, and skincare products |
| RARE BEAUTY DISCOVERY | 6381938 | June 8, 2021 | Cl. 3: cosmetics |
| RARE BEAUTY TRUE TO MYSELF | 6381963 | June 8, 2021 | Cl. 3: cosmetics |

---

[1] This application was assigned to Rare Beauty on September 23, 2019.

15.     Rare Beauty also owns pending trademark applications in the U.S. for the marks RARE and RARE BEAUTY. Rare Beauty's pending U.S. trademark applications are summarized in the chart below:

| Mark | U.S. Ser. No. | U.S. Filing Date | Goods/Services |
|------|---------------|------------------|----------------|
| RARE | 88247475 | January 2, 2019 | Cl. 3: cosmetics for personal care; non-medicated skin care preparations, namely, topical skin sprays for cosmetic purposes, lotions and non-medicated patches, namely, non-medicated patches for the treatment of acne, blemishes and wrinkles |
| RARE BEAUTY KIND WORDS | 90885505 | August 16, 2021 | Cl. 3: lipstick |

16.     Since at least 2016, Rare Beauty and its predecessor-in-interest have invested a substantial amount of time, money, and effort into building goodwill and consumer recognition in its RARE BEAUTY Mark such that consumers have come to identify the RARE BEAUTY Mark as designating the source of the Rare Beauty Goods and Services.

**Defendant and Its Business**

17.     Upon information and belief, KeSheena Heard is the sole owner of Defendant.

18.     Upon information and belief, Ms. Heard launched a Facebook page under the name RAREBEAUTY COSMETICS on April 4, 2017.

19.     Since at least as early as November 20, 2017, Ms. Heard has had both actual and constructive knowledge of Rare Beauty's RARE BEAUTY Mark in connection with the Rare Beauty Goods and Services.

20.     Since at least as early as April 2017, on information and belief, Ms. Heard considered filing a trademark application for the mark RAREBEAUTY COSMETICS and

consistently monitored the USPTO's Trademark Electronic Search System ("TESS"), media, and other business resources.

21.     Ms. Heard formed Defendant as a corporate entity with the Illinois Secretary of State on May 9, 2018.

22.     Despite monitoring the TESS records and having both actual and constructive knowledge of Rare Beauty's intent to use the RARE BEAUTY Mark in connection with the Rare Beauty Goods and Services since 2017, neither Ms. Heard nor Defendant opposed the U.S. Trademark Application No. 87/692,337 when it was published for opposition on January 26, 2019, contacted Rare Beauty or its predecessor-in-interest with a claim of prior trademark rights, or filed an application claiming any trademarks of her or its own.

23.     Upon information and belief, the earliest date by which Defendant used the RAREBEAUTY COSMETICS mark in interstate commerce was at some time in 2018.

24.     Upon information and belief, in August 2020, Ms. Heard filed for voluntary Chapter 7 bankruptcy and claimed that she had no assets.

**The Controversy Between the Parties**

25.     After nearly four years of actual and constructive knowledge of Rare Beauty and the RARE BEAUTY Mark by Defendant and its founder, Defendant filed a petition to cancel the RARE BEAUTY Registration on September 3, 2021, with the USPTO's Trademark Trial and Appeal Board ("TTAB").[2]

26.     As grounds for cancellation, Defendant claims priority and likelihood of confusion (15 U.S.C. § 1052(d)), dilution by blurring (15 U.S.C. § 1125(c)), deceptiveness (15

---

[2] Petition to Cancel was assigned Proceeding No. 92077994.

U.S.C. § 1052(a)), fraud on the U.S. Trademark Office (15 U.S.C. § 1064(3)), and common law infringement.

27.    Rare Beauty has priority over Defendant in connection with its RARE BEAUTY Mark.

28.    Rare Beauty is not aware of any instances of consumer confusion, nor has it received any misdirected customer inquiries related to Defendant in the years of the parties' coexisting use of the term RARE BEAUTY.

29.    The parties have peacefully coexisted since 2017 and have peacefully coexisted in the marketplace since 2020.

30.    Rare Beauty does not directly compete with Defendant's RAREBEAUTY COSMETICS offerings.

31.    Rare Beauty targets separate and distinct consumers through different marketing channels from Defendant.

32.    No harm has come to Defendant from Rare Beauty's years of coexisting use of the RARE BEAUTY mark in connection with the parties' respective goods and services.

33.    The RARE BEAUTY Mark neither infringes nor dilutes whatever common law trademark rights Defendant might own.

34.    The RARE BEAUTY Mark is not deceptive in connection with the Rare Beauty Goods and Services.

35.    The RARE BEAUTY Mark was not obtained fraudulently.

36.    In or about November 2021, Rare Beauty reached out directly to Defendant to discuss the potential resolution of Defendant's TTAB petition to cancel.  Rare Beauty was (and remains) confident in its position and did not (and does not) want to harm a small business.

Thus, among other things, Rare Beauty offered to compensate Defendant for the value of its business and existing branded inventory and to assist Defendant in launching a business under a new brand. Those discussions did not resolve the dispute.

37.     Upon information and belief, in or around December 2021, Defendant engaged counsel to represent it in connection with Defendant's TTAB petition to cancel Rare Beauty's RARE BEAUTY Registration.

38.     Through counsel, the parties continued to engage in discussions between December 2021 and January 2022.

39.     Despite Rare Beauty's best efforts, in those discussions, Defendant has repeatedly asserted that Rare Beauty is infringing Defendant's trademark rights, insisted that Rare Beauty stop using its RARE BEAUTY Mark, and demanded that Rare Beauty pay Defendant $10,000,000.00.  In the circumstances, Rare Beauty has a reasonable apprehension of litigation.

40.     Given Defendant's threats and allegations, Rare Beauty requires, and is entitled to, a judicial declaration that there is no likelihood of confusion between, on the one hand, Rare Beauty's RARE BEAUTY Mark and, on the other, whatever rights Defendant might own; and therefore that Rare Beauty's RARE BEAUTY Mark does not infringe any rights owned by Defendant.  Rare Beauty is similarly entitled to a declaration affirming the validity of the RARE BEAUTY Registration.

**REQUEST FOR DECLARATORY JUDGMENT**

41.     Rare Beauty incorporates and re-alleges paragraphs 1 through 40 above as if fully set forth herein.

42.     Rare Beauty and its predecessor-in-interest have continuously prepared to use and/or used the RARE BEAUTY Mark since 2016 in connection with the Rare Beauty Goods and Services.

43.     Rare Beauty has invested a substantial amount of time, money, and effort into building goodwill and consumer recognition in its RARE BEAUTY Mark such that consumers have come to identify the RARE BEAUTY Mark as designating the source of the Rare Beauty Goods and Services with Rare Beauty.

44.     An actual, present, and justiciable controversy has arisen between Rare Beauty and Defendant concerning Rare Beauty's right to register and use its RARE BEAUTY Mark in connection with the Rare Beauty Goods and Services.

45.     Pursuant to 28 U.S.C. § 2201 *et seq.,* the controversy between Rare Beauty and Defendant thus demands specific relief through a declaratory judgment that the RARE BEAUTY Mark: (i) does not infringe or dilute any rights that Defendant might own; (ii) is not deceptive in connection with the Rare Beauty Goods and Services; and (iii) was not obtained fraudulently. Rare Beauty is similarly entitled to a declaratory judgment that the RARE BEAUTY Registration is valid.

## **PRAYER FOR RELIEF**

WHEREFORE, Rare Beauty seeks the following relief:

A.     That the Court enter judgment declaring that Rare Beauty's use of the RARE BEAUTY Mark in connection with the RARE BEAUTY Goods and Services, does not violate § 32 of the Lanham Act, 15 U.S.C. § 1114, § 43(a) of the Lanham Act, 15 U.S.C., § 1125(a), or otherwise constitute trademark infringement under the Lanham Act or the common law of Illinois;

B.     That the Court enter judgment declaring that Defendant has not suffered harm and is not entitled to injunctive relief, damages, or any other relief under 15 U.S.C. § 1117 or otherwise under law;

C.      That the Court enter judgment declaring that the RARE BEAUTY Registration is valid and not be cancelled in connection with the TTAB Trademark Cancellation Proceeding No. 92077994;

D.      That the Court award Rare Beauty its attorneys' fees, costs, and expenses incurred in this action; and

E.      That the Court grant Rare Beauty such other and further relief as this Court may deem just and proper.

Dated:  January 29, 2022

Respectfully submitted,


By:  /s/ *Monica Gutierrez*

Monica Gutierrez (No. 06326992)
Perkins Coie LLP
110 N. Wacker Drive
Suite No. 3400
Chicago, Illinois 60606-1511
Tel:  (312) 324-8698
Fax:  (312) 324-9400
Email:  mgutierrez@perkinscoie.com


William C. Rava (to be admitted *pro hac vice*)
Patchen M. Haggerty (to be admitted *pro hac vice*)
Perkins Coie LLP
1201 Third Avenue
Suite No. 4800
Seattle, Washington 98101-3099
Tel:  (206) 359-8000
Fax:  (206) 359-9000
Email:  wrava@perkinscoie.com
Email:  phaggerty@perkinscoie.com


Colleen M. Ganin (to be admitted *pro hac vice*)
700 Thirteenth Street, N.W.
Suite 800
Washington, DC 20005-3960
Tel: (202) 654-6237
Fax: (202) 624-9598
Email: cganin@perkinscoie.com


**ATTORNEYS FOR PLAINTIFF
RARE BEAUTY, LLC**