# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **Rare Beauty, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. <u>22-cv-00533</u>** |
| **v.** | ) | **Judge Charles R. Norgle** |
| | ) | |
| **RareBeauty Cosmetics LLC** | ) | |
| | ) | |
| **Defendant.** | | |

## <u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION UNDER RULE 12 TO DISMISS OR TRANSFER AND TO STRIKE</u>

## <u>INTRODUCTION</u>

1.      RareBeauty Cosmetics LLC (Defendant) brings this memorandum of law in support of the motion to dismiss or transfer Civil Action No. 22-cv-00533 brought by Rare Beauty, LLC (Plaintiff), and to strike.

2.      Defendant respectfully requests the dismissal or transfer of the case to the Northern District of Georgia under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure because the Defendant should not be subject to personal jurisdiction or venue in the Northern District of Illinois.  Defendant is a limited liability company with a principal place of business in Georgia, was recently reincorporated in Georgia, and the facts of the case relied on for bringing the cause of action for a declaratory judgment occurred in Georgia.  Transfer of the case to the Northern District of Georgia also furthers the interests of justice, reduces overall costs, and does not prejudice the Plaintiff.  Furthermore, Plaintiff had actual knowledge of the location of

Defendant and has made statements indicating an intent to force a settlement because Defendant does not have resources to pursue litigation.

3.      Defendant also respectfully requests the dismissal of the case for failure to join a required party under Rule 19 of the Federal Rules of Civil Procedure.  KeSheena Heard began use of the RAREBEAUTY mark in commerce at least as early as April of 2017, prior to the incorporation of Defendant, including sales in interstate commerce.  Ms. Heard retains an ownership interest in the RAREBEAUTY mark.  Plaintiff has also alleged facts against Ms. Heard in its complaint, yet has failed to join her as a party to this litigation.

4.      Finally, Defendant also respectfully requests the court strike statements from Plaintiff's complaint referring to proposed amounts for settlement of the dispute and KeSheena Heard's financial position.  These statements are not necessary to show subject matter jurisdiction, do not have any probative value regarding the trademark dispute between the parties, and are likely to cause undue prejudice against the Defendant.

## **BACKGROUND**

5.      Defendant is a limited liability company with a principal place of business at 1 Glenlake Parkway NE, Suite 650, Atlanta, GA 30328.  Heard Aff. ¶ 13; Def.'s Ex. B, C.

6.      Defendant was recently re-incorporated in the state of Georgia as a Georgia limited liability company.  Heard Aff. ¶ 13.

7.      Defendant has been operating in Georgia since April of 2021 and was operating in Atlanta during the filing of the trademark cancellation proceeding and during settlement negotiations with Plaintiff.  Defendant filed the cancellation proceeding from the state of Georgia

and has communicated with Plaintiff from the state of Georgia. Heard Aff. ¶¶ 11, 13; Def.'s Ex. B, C.

8.      Plaintiff had actual knowledge of Defendant's principal place of business from communication with Defendant, cancellation filings, and social media information. Heard Aff. ¶¶ 3, 6; Def.'s Ex. A, B, C.

9.      The alleged actions that give rise to Plaintiff's cause of action for declaratory judgment took place in the state of Georgia, including the filing of the cancellation proceeding and settlement negotiations. Heard Aff. ¶¶ 11, 13; Def.'s Ex. B, C.

10.     Plaintiff has made statements indicating an intent to force a settlement because of Defendant's lack of resources to carry out expensive litigation. Heard Aff. ¶ 5.

11.     Litigation in the Northern District of Illinois would cause financial hardship on Defendant and significantly impair Defendant's ability to effectively litigate this dispute. Heard Aff. ¶ 7.

12.     Plaintiff has also alleged facts in its complaint indicating knowledge of a vast difference in resources between Plaintiff and Defendant. Pl.'s Complaint ¶¶ 11, 24.

13.     The Northern District of Illinois has a significantly larger backlog of civil cases than the Northern District of Georgia with 9,963 pending civil cases compared to 7,825 pending civil cases, respectively. *Table C-1-U.S. District Courts-Civil Statistical Tables for the Federal Judiciary*, (December 31, 2021), https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2021/12/31.

# ARGUMENT

## I.  DISMISSAL FOR LACK OF PERSONAL JURISDICTION.

14.     A court may exercise general jurisdiction over a defendant whose affiliations with the forum state are so "continuous and systematic" as to render the defendant essentially "at home" in the forum. *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014).  A corporation is at home in the forum state when it is incorporated or has its principal place of business there. *Bauman*, 134 S.Ct. 746, 761-2.

15.     Plaintiff relies on an out-of-date corporate registration of Defendant from May of 2018 to establish personal jurisdiction before the Court.  Pl.'s Complaint ¶ 21.  However, Defendant has been operating at a principal place of business located at 1 Glenlake Parkway NE, Suite 650, Atlanta, GA 30328 since before the institution of any dispute between the parties before this Court or another tribunal.  Heard Aff. ¶ 13; Def.'s Ex. B, C.  Defendant was also recently re-incorporated in the state of Georgia to reflect these changes.  Heard Aff. ¶ 13.  Defendant is no longer "at home" within the state of Illinois, has not been since before the institution of any controversy or dispute between the parties, and should not be subject to general jurisdiction there.

16.     A court may also exercise specific jurisdiction over a defendant when the lawsuit arises out of or is related to the defendant's contacts with the forum state. *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014).  In the present case, Plaintiff alleges a controversy arising out of the institution of a cancellation proceeding and settlement negotiations between the parties.  These actions all commenced after the relocation of Defendant to the state of Georgia.  Plaintiff also had actual knowledge of the Defendant's relocation to Georgia from multiple sources.  Plaintiff was made aware of Defendant's relocation during an initial phone call with Plaintiff's Chief

Digital Officer.  Heard Aff. ¶ 6.  Plaintiff was also aware of Defendant's relocation from paperwork filed and served on Plaintiff in conjunction with the cancellation proceeding before the Trademark Trial and Appeal Board.  Def. Ex. B, C.  Because the actions that allegedly gave rise to the cause of action for a declaratory judgment occurred when the Defendant was in Georgia, the Defendant should not be subject to specific jurisdiction before the Court, and the cause of action should be dismissed.

## II.      DISMISSAL OR TRANSFER FOR IMPROPER OR INCONVENIENT VENUE.

17.      Pursuant to 28 U.S.C. § 1391(b), a plaintiff may generally bring a civil action in a judicial district where any defendant resides, if all defendants reside in the state where the district is located, where a substantial part of the events or omissions giving rise to the claim occurred, a substantial part of the property that is the subject of the action is situated, or any defendant is subject to the court's personal jurisdiction with respect to the action if there is no other district where the plaintiff may otherwise bring the action.  The residence of an incorporated or unincorporated entity defendant where it is subject to the court's personal jurisdiction.  28 U.S.C. § 1391(c)(2).

18.      Defendant reiterates arguments from Section I above that it is not subject to personal jurisdiction before the Court.  If personal jurisdiction before the Court is improper, then venue is similarly improper.  Furthermore, the property at issue, a trademark, is not tied to or connected with any particular geographic location, and the events that give rise to this dispute occurred in Georgia.  The court may then dismiss the case or, in the alternative, transfer the case to a more proper venue, such as the Northern District of Georgiaa under 28 U.S.C. 1406(a).

19.     Even if Defendant is subject to personal jurisdiction and venue before the Court, the

Court may still transfer a civil action to any other district or division where it might have been

brought for the convenience of the parties and witnesses pursuant to 28 U.S.C § 1404(a).  The

Northern District of Georgia is a forum where venue could have been originally laid, offers a far

more convenient forum for the Defendant, does not increase any burden on the Plaintiff, and

provides adequate remedies to both parties with a likelihood of a faster resolution to the case.

20.     In *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, the Seventh Circuit

Court of Appeals laid out two broad categories of factors a court may consider when evaluating a

transfer.  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th

Cir. 2010).  The first category is convenience, which generally considers the availability of and

access to witnesses, each party's access to and distance from resources in each forum, the

location of material events, and the relative ease of access to sources of proof.  *Id.*.

21.     Evaluating these factors in the present case, Defendant is a limited liability corporation

with a principal place of business in the state of Georgia, and that was recently re-incorporated in

Georgia.  Heard Aff. ¶ 13.  Plaintiff is a limited liability company organized under the laws of

Delaware and with a principal place of business in California.  Pl.'s Complaint ¶ 2.  Neither

Plaintiff nor Defendant has any operations, workers, or likely witnesses located within the

Northern District of Illinois, or the state of Illinois.  However, KeSheena Heard, a likely witness

for the Defendant, is located within the Northern District of Georgia.  Plaintiff's witnesses are

also not likely to be located within the Northern District of Illinois as neither party to the case

currently carries out major business operations within the state of Illinois.  The location of

material events also does not favor placing venue within the Northern District of Illinois.  The

events in dispute regarding ownership of trademarks do not have a firm location, as they involve

sales, advertising, and other activities that are present mainly online. The actions that have been alleged to support a request for declaratory judgment, including the filing of a trademark cancellation proceeding and settlement negotiations between the parties, occurred when neither party was located within the Northern District of Illinois. Finally, each party's access to and distance from resources in each forum show the Northern District of Georgia to be more convenient for the parties than the Northern District of Illinois. The Northern District of Georgia is not significantly farther or more burdensome for the Plaintiff, but is significantly more convenient for the Defendant. While the Plaintiff may have to travel to the Northern District of Georgia, Plaintiff has already evidenced a willingness to travel as it is not situated within the Northern District of Illinois, either. Travel from California or Delaware to the Northern District of Georgia is not likely to be more burdensome, costly, or difficult than travel to the Northern District of Illinois for the Plaintiff.

22.     The second group of factors involve the interests of justice and include docket congestion and likely speed to trial between the transferor and transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.*

23.     The Northern District of Georgia has a significantly lighter docket load than the Northern District of Illinois with 7,825 pending civil actions compared to 9,963 pending civil actions, respectively. *Table C-1-U.S. District Courts-Civil Statistical Tables for the Federal Judiciary*, (December 31, 2021), https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2021/12/31. The Northern District of Georgia may offer the parties a faster resolution or movement to trial, reducing costs and burden on both parties. Both courts are competent to adjudicate a federal question, and there are no questions of state law which would favor either

forum as the case deals exclusively with federal trademark law. The Northern District of Georgia offers a more desirable location for resolving the forum, and has a closer connection between the community and the controversy as at least one of the parties is a corporation located within the District.

24.     Furthermore, venue and jurisdiction may have originally been laid within the Northern District of Georgia as the Defendant has its principal place of business there and is subject to personal jurisdiction. The Northern District of Georgia is a court that is competent to adjudicate any federal question, can provide any and all remedies of the Northern District of Illinois, and there are no questions of state law in which either forum would have greater experience.

25.     A court may also evaluate equitable factors regarding a transfer of venue, as the statute is broad enough to allow the court to take in all factors relevant to convenience and the interests of justice. *Id* at 977-8. In the instant case, Plaintiff has made statements to Defendant that the Defendant should settle the matter because the Defendant does not have resources to litigate the trademark dispute. Heard Aff. ¶ 5. Plaintiff also alleged in its complaint that it has been enormously successful with millions in sales, Pl.'s Complaint ¶ 11, and alleged limited financial resources of the Defendant's owner, KeSheena Heard, Pl.'s Complaint ¶ 24. Plaintiff is well aware of Defendant's location and that laying venue within the Northern District of Illinois would increase costs for Defendant in an effort to force a settlement. Heard Aff. ¶ 5. In the interests of justice and equity, Plaintiff should not be permitted misuse of the venue statute to attempt to force a smaller litigant into a settlement by increasing the costs of litigation.

26.     In summary, the Court should transfer the case to the Northern District of Georgia pursuant to 28 U.S.C. §1404(a). Venue may have been originally laid in the Northern District of Georgia, and it offers an adequate forum to adjudicate the dispute between the parties with no

questions of state law. Transfer to the Northern District of Georgia also will not increase the inconvenience to the Plaintiff while significantly increasing the convenience for the Defendant and prevents laying venue in a district court where none of the parties, likely witnesses, or evidence are currently present.

## III. DISMISSAL FOR FAILURE TO JOIN A REQUIRED PARTY.

27. Rule 12(b)(7) of the Federal Rules of Civil Procedure provides a defense for the failure of a plaintiff to join a party to litigation required by Rule 19 of the Federal Rules of Civil Procedure. A party with an interest relating to the subject of the action and whose exclusion would impair their ability to protect that interest is a required party under Rule 19. FRCP 19(a)(1)(B)(i).

28. KeSheena Heard began selling cosmetics in interstate commerce and acquiring rights under the RAREBEAUTY trademark at least as early as April of 2017. Heard Aff. ¶ 12. Ms. Heard's claim of priority and trademark ownersihp extends earlier than the incorporation date of RareBeauty Cosmetics LLC in May of 2018. Pl.'s Complaint ¶ 21. Ms. Heard, the original owner of the RAREBEAUTY mark, retains an ownership interest in the RAREBEAUTY trademark and should have been joined to the case. As such, Ms. Heard has an interest relating to the subject of this action, in particular the ownership and extent of trademark rights in the RAREBEAUTY mark, and should have been joined under Rule 19. The Court should dismiss the action under Rule 12(b)(7) for failure to join a required party under Rule 19.

## IV.    STRIKE PARAGRAPHS 1, 7, 24, AND 39 FROM PLAINTIFF'S COMPLAINT.

29.    Federal Rule of Civil Procedure 12(f)(2) provides that a court may strike any redundant, immaterial, impertinent, or scandalous matter.

30.    Plaintiff alleges in its complaint a specific monetary figure allegedly proposed during settlement negotiations between the parties in paragraphs 1, 7, and 39.  Pl.'s Complaint ¶¶ 1, 7, 39.  This material is irrelevant to the dispute before the Court and provides no probative value as to any question of infringement, confusion, or any other matter related to the trademark dispute, and is unnecessary to show a controversy between the parties.  The allegedly proposed settlement offer may also prejudice Defendant before the Court or a finder of fact and limit recovery because of such prejudice.  Furthermore, the alleged settlement offer amount is not necessary for subject matter jurisdiction (as it may be in the case of diversity jurisdiction) in federal court as Plaintiff has asserted subject matter jurisdiction under 28 U.S.C. § 1331 for federal questions and 28 U.S.C. § 1338 for original jurisdiction for trademark claims.  The existence of an alleged dispute between the parties arising out of the filing of a trademark cancellation proceeding is also not predicated on any amount that may or may not be at issue, particularly as the cancellation proceeding filed by Defendant before the Trademark Trial and Appeal Board may not award any monetary damages.  As such, paragraphs 1, 7, and 39 of Plaintiff's complaint should be struck from the record as irrelevant, immaterial, and prejudicial to Defendant.

31.    Plaintiff also alleges in its complaint information about Ms. Heard's personal financial status and a prior alleged bankruptcy in paragraph 24.  Pl.'s Complaint ¶ 24.  Plaintiff asserts no information that indicates Ms. Heard's personal financial status is at issue or of material value to trademark ownership, infringement or other issues in the case.  As such, paragraph 24 of

Plaintiff's complaint is immaterial to the dispute. This information may also prejudice the Defendant before the Court or a finder of fact, while offering no probative value regarding the trademark dispute. For these reasons, the Court should also strike paragraph 24 of Plaintiff's complaint.

## **CONCLUSION**

32.     For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion Under Rule 12 to Dismiss or Transfer and to Strike and dismiss the case for lack of personal jurisdiction, improper venue, and failure to join a required party under Rule 19, or, in the alternative, to transfer the case to the Northern District of Georgia. Defendant also respectfully requests that the Court strike paragraphs 1, 7, 24, and 39 from Plaintiff's Complaint filed on January 29, 2022.

Dated: May 4, 2022                              Respectfully Submitted:

                                                FOR DEFENDANT
                                                RAREBEAUTY COSMETICS LLC

                                                /s/ Michael Cirino_____
                                                Michael Cirino (admitted Pro Hac Vice)
                                                **CIRINO PATENT LAW LLC**
                                                44 Peachtree Pl NW, #725
                                                Atlanta, GA 30309
                                                Tel: (678) 738-9000
                                                Email: mcirino@cirinopatentlaw.com